# LAW OFFICES OF HENRY REPAY

TELEPHONE (815) 547-3369; FACSIMILE (815) 544-5429
E-MAIL: OFFICE@REPAYLAW.COM

WE ARE A DEBT RELIEF AGENCY.
WE HELP PEOPLE FILE FOR BANKRUPTCY UNDER THE BANKRUPTCY CODE.

MAIN OFFICE
930 WEST LOCUST STREET
BELVIDERE, ILLINOIS 61008-4226

BY APPOINTMENT ONLY
ELGIN, ILLINOIS

## ATTORNEY-CLIENT RETAINER AGREEMENT
### (CHAPTER 7 BANKRUPTCY)

The undersigned Client(s) hereby enter into this Attorney-Client Retainer Agreement with Henry Repay ("Attorney").

1. **TOTAL FEES AND COSTS**

    (a) Fixed Fee: A fixed fee shall be paid by the CLIENT to the ATTORNEY for legal services rendered under this contract.

    Chapter 7:   $1,250.00

    (b) Costs: In addition to the fixed fee, the CLIENT shall pay a filing fee of $335.00 for Chapter 7 court costs.

    No portion of the attorney's fees or costs that are paid or agreed to be paid may be cancelled or refunded. All fees and costs paid or agreed to be paid by the CLIENT are fully earned compensation to attorney for services rendered and for the responsibility of undertaking representation of the CLIENT. The CLIENT understands that the ATTORNEY'S acceptance of undertaking representation of the CLIENT means that significant resources will be committed to the case and that other work the ATTORNEY would do will be set aside, delayed, or turned down. All monies paid or agreed to be paid by the CLIENT are fully earned by the ATTORNEY and no money is refunded, nor may the CLIENT cancel this agreement regarding the payment of attorney fees and costs.

2. **CONDITION**

    This Contract will not take effect and the ATTORNEY will not have any obligation to provide legal services until the CLIENT returns a signed copy of this Contract and pays the fee called for under Paragraph 1.

3. **SCOPE OF DUTIES**

    The CLIENT hires the ATTORNEY to provide legal services in connection with the preparation of a bankruptcy petition. The ATTORNEY shall provide the services listed in Paragraph 4. The ATTORNEY'S services will NOT include litigation of any kind, whether in court, in administrative hearings or before government agencies or arbitration tribunals.

    The ATTORNEY shall take reasonable steps to keep the CLIENT informed of the progress of the matter and

to respond to the CLIENT'S inquiries.

The CLIENT shall be truthful with the ATTORNEY, cooperate with the ATTORNEY, keep the ATTORNEY informed of developments, abide by the Contract, pay the ATTORNEY's bills on time and keep the ATTORNEY advised of the CLIENT'S address, telephone number and whereabouts.

4. LEGAL SERVICES TO BE PROVIDED

   The legal services rendered or to be rendered include:

   (a) Analyzing the financial situation of the CLIENT and rendering advice and assistance to the CLIENT in determining whether to file a voluntary petition under Title 11, United States Code (Bankruptcy Code).

   (b) The preparation and filing of the petition, Schedule of Assets and Liabilities, Statement of Financial Affairs, means test forms, supplemental local forms, and other forms that may be applicable in filing a voluntary petition.

   (c) Preparation and representation of the CLIENT at the First Meeting of Creditors.

   (d) Discussion and recommendation concerning pre-petition credit counseling and post-petition education requirements under the Bankruptcy Code (the CLIENT also acknowledges responsibility for the payment of all fees and charges related to the credit and educational counseling).

   (e) Securing income tax transcripts information.

   (f) Discussion of options for retaining any secured property.

   The legal work includes all necessary Court appearances (by members of the firm OR separate appearance counsel), research, investigation, correspondence, preparation and drafting of pleadings and other legal documents, and related work to properly represent the client in this matter for the items exclusively set forth above.

5. LEGAL SERVICES NOT PROVIDED

   The legal services and/or legal representation not to be provided or not rendered by attorney under this agreement include:

   (a) The representation of the CLIENT in any adversary proceeding arising under Bankruptcy Code Section 523 for fraud, credit card abuse, false financial statements or any and all exceptions to discharge under Section 523; or

   (b) The representation of the CLIENT in any adversary proceeding arising under Bankruptcy Code Section 727 for false oath, concealment of assets, revocation of discharge or any other and all objections to discharge under Section 727; or

   (c) The representation of the CLIENT in any objection to a claim of exemption by any trustee or creditor; or

   (d) The representation of the CLIENT in any motion for relief from stay by any creditor to proceed to foreclose on real property or repossess personal property such as an automobile, furniture, etc.; or

   (e) The representation of the CLIENT for motions to compel abandonment of assets or motions to avoid judicial liens on real or personal property; or

(f) The representation of the CLIENT for any type of federal or state tax advice, opinion, negotiation, or any other matters pertaining to the discharge of any tax under any state or federal law.

The CLIENT understands and by signing this agreement acknowledges that debts will not be discharged if a creditor proves that the CLIENT lied about assets or concealed, destroyed or transferred any property within Bankruptcy Code Section 523 and/or 727.

The CLIENT understands and by signing this agreement acknowledges that all the bankruptcy papers, pleadings and petitions are signed under the penalty of perjury and a false oath, concealment of assets or other allegation under Bankruptcy Code Section 727 by a creditor, trustee or court may result in the denial of discharge of debt or other sanctions, either monetary or non-monetary.

6. **CLIENT RESPONSIBILITY**

The CLIENT will fully cooperate with the ATTORNEY and provide all information relevant to the issues involved in this matter. The CLIENT must also pay all bills as required by this Agreement. If the CLIENT does not comply with these requirements, the ATTORNEY may ask the Court for permission to withdraw from representation. The ATTORNEY will also withdraw at the CLIENT'S request.

7. **CONCLUSION OF SERVICES**

When the ATTORNEY'S services conclude, all unpaid charges shall immediately become due and payable. After the ATTORNEY'S services conclude, the ATTORNEY will, upon the CLIENT'S request, deliver the CLIENT'S file to the CLIENT, along with any CLIENT funds or property in the ATTORNEY'S possession.

8. **DISCLAIMER OF GUARANTEE**

Nothing in this Contract and nothing in the ATTORNEY'S statements to the CLIENT will be construed as a promise or guarantee about the outcome of the CLIENT'S matter. The ATTORNEY makes no such promises or guarantees. The ATTORNEY'S comments about the outcome of the CLIENT'S matter are expressions of opinion only. The ATTORNEY renders no advise or opinion as to the dischargeability of tax debt and has not provided such advice to the CLIENT.

9. **EFFECTIVE DATE**

This Contract will take effect when the CLIENT has performed the conditions stated in paragraph 1, but its effective date will be retroactive to the date the ATTORNEY first provided services. The date at the beginning of this Contract is for reference only. Even if this Contract does not take effect, the CLIENT will be obligated to pay the ATTORNEY the reasonable value of any services the ATTORNEY may have performed for the CLIENT.

The CLIENT acknowledges that the CLIENT understands the terms and conditions of this agreement. The CLIENT agrees with the ATTORNEY that this written contract contains all of the terms and conditions of the ATTORNEY'S scope of employment. Any oral modification of this agreement will not be binding upon the ATTORNEY and/or the CLIENT unless it is subsequently made in writing and signed by both parties.

10. **ADDITIONAL LEGAL SERVICES**

If the CLIENT needs other services which may or may not be related to the above matter, the CLIENT and the ATTORNEY may make a new agreement to provide the other services, including any additional services described in paragraph 5 above. The new agreement may be a fixed fee agreement, contingency fee agreement, or billed to the CLIENT at an hourly rate as agreed by the parties.

11. **AMENDED SCHEDULES**

Should there be a need to file an Amended Schedule in order to include additional creditors in the bankruptcy, the CLIENT may be required to pay additional ATTORNEY'S fees of $100.00, and an additional charge for court costs, currently $30.00, for a total of $130.00.

12. **BANKRUPTCY DISCHARGE**

The CLIENT understands and by signing this agreement acknowledges that a discharge in bankruptcy is a legal excuse from paying unsecured debts. The CLIENT understands and by signing this agreement acknowledges that bankruptcy does not cancel secured debts, debts to creditors that the CLIENT did not list on Bankruptcy Schedules, most income taxes, payroll taxes, sales taxes, tax penalties and interest owed to the State and federal government, most student loans, child and spousal support, most fraud judgments from any court, punitive damages, criminal restitution and fines, most judgments for malicious and wilful conduct from any court, and any money owed as a result of being sued for drunken driving.

13. **LIQUIDATION OF ASSETS BY TRUSTEE**

The CLIENT acknowledges and understands that a Chapter 7 trustee will be appointed by the court. The CLIENT understands that the Chapter 7 trustee has a duty to investigate the financial affairs of the debtor; determine the available assets to be liquidated for the payment of creditors and oppose the discharge of the debtor, if advisable. The CLIENT acknowledges a duty to cooperate with the Chapter 7 trustee. The CLIENT acknowledges that the Chapter 7 trustee may investigate the value of their real property, business and any and all other assets that may result in liquidation and payment of money to creditors. The CLIENT understands that the current bankruptcy law is subject to different interpretations and there are inherent risks in how the Judges and Courts will apply various provisions.

The foregoing terms and conditions are understood and acknowledged to be the entire agreement between the CLIENT and the ATTORNEY.

Dated: 12/11/17

_____
Client

Dated: 12/11/17

_____
Client

Dated: 12/11/17

_____
Attorney Henry Repay